IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEWEY LAMONT BRINKLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:13-cv-0429 |
| SONNY WETHERFORD *et al.*, | ) ) Judge Trauger |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Plaintiff Dewey Lamont Brinkley filed this *pro se* civil rights action under 42 U.S.C. § 1983. He is proceeding *in forma pauperis* (ECF No. 2). His complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the court will dismiss the complaint for failure to state a claim upon which relief may be granted.

**I.    Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the court must dismiss a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**II.    Factual Allegations**

In his complaint, the plaintiff asserts that he is a convicted prisoner who was formerly serving his sentence at the Northwest Correctional Complex ("NWCX"), a facility operated by the Tennessee Department

of Correction ("TDOC") in Tiptonville, Tennessee. He was granted parole at some point (the plaintiff does not indicate when), but his parole was revoked and he was remanded to the custody of TDOC on January 18, 2013. However, instead of being sent back to NWCX or another TDOC facility, he has been housed at the Sumner County Jail in Gallatin, Tennessee for the past several months. He alleges that, by being housed in a county jail instead of a TDOC facility, he has been denied opportunities available at the TDOC institutions, such the chance to participate in rehabilitation programs, educational programs, and work programs. He also complains that he is required to pay for such items as toilet paper and underclothing. The plaintiff does not specifically identify what form of relief he seeks, but the court presumes he seeks an order directing that the defendants transfer him to a TDOC-operated facility.

**III.     Discussion**

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). A failure to identify a right, privilege or immunity secured by the Constitution that was violated will result in dismissal of the cause of action for failure to state a claim upon which relief can be granted.

The plaintiff here vaguely asserts that he has a "right" as a state prisoner to be housed in a TDOC facility, but no such right exists under the United States Constitution. The Constitution simply does not guarantee a prisoner a right to be confined in any particular prison or jail. *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976). Moreover, transfer from one institution to another institution generally does not implicate a protected liberty interest of the prisoner. *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998). Thus, in the absence of any underlying right with regard to a transfer, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), the plaintiff has failed to state a viable § 1983 claim for a transfer from the county facility where he is presently confined.

Further, there is no constitutional right to vocational or educational programs in prison. *Rhodes v.*

*Chapman*, 452 U.S. 337, 348 (1981); *see Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another."). Nor does the plaintiff possess a right created by the Constitution to prison employment. *Hewitt v. Helms*, 459 U.S. 460, 471 (1983); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). *See also Codd v. Brown*, 949 F.2d 879, 882 (6th Cir. 1991) (no liberty or property interest in participation in work-release program). These latter allegations also fail to state a claim for relief under § 1983.

Accordingly, a separate order will enter dismissing this action for failure to state a claim.

Aleta A. Trauger
United States District Judge