IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DEWEY LAMONT BRINKLEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-0429 |
| ) | |
| **SONNY WETHERFORD** *et al.*, ) | Judge Trauger |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Dewey Lamont Brinkley filed this *pro se* civil rights action under 42 U.S.C. § 1983. Presently before the court is the plaintiff's application to proceed *in forma pauperis* (ECF No. 2). In addition, the plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

    A.    **Application to Proceed as a Pauper**

Because it appears from his submission that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(b), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian must submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments must continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Administrator of the Sumner County Jail to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account must ensure that a copy of this order follows the

plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the Clerk of Court for the Middle District of Tennessee.

      **B.**      **Initial Review of the Complaint**

Having conducted the initial review of the complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court finds for the reasons stated in the Memorandum Opinion filed herewith that the complaint fails to state a colorable claim under § 1983 for which relief may be granted. The complaint is therefore **DISMISSED WITH PREJUDICE** in its entirety. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b).

It is so **ORDERED**.

                                                          Aleta A. Trauger
                                                          United States District Judge